**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ALICIA BURNEY,

    Plaintiff,

-vs-

                                      Case No.

EQUIFAX INFORMATION SERVICES
LLC

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Alicia Burney (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against the Defendant, Equifax Information Services LLC (hereinafter "Equifax") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **<u>JURISDICTION AND VENUE</u>**

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Equifax's principal place of business is within this District; the Defendant transact business within this District; and violations described in the Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Dallas County in the State of Texas and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered in the State of Georgia located at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13.    Plaintiff is a natural person whom upon information and belief is a victim of identity theft.

3

14.    Plaintiff routinely monitors her credit and was shocked to learn that around the beginning of October of 2025 her credit score was lower than anticipated.

15.    Upon review of her Equifax credit report, she learned that there was a Nissan Motor Acceptance Auto Loan partial account number ending in 4322 (hereinafter "Nissan Account") listed. The aforementioned account was reporting a balance of approximately $39,000.

16.    Plaintiff learned that the account was a joint account with a Lasaundra Tinae Davis. Plaintiff does not know this individual and certainly did not open nor authorize the opening of the Nissan Account.

17.    Shortly after, Plaintiff began to communicate with the Credit Reporting Agencies, (hereinafter "CRAs"), such as Equifax to dispute the validity of the Nissan Account.

18.    On December 30, 2025, Plaintiff obtained a copy of her Equifax credit report. Upon review, Plaintiff observed the Nissan Account continued to be reported with an open balance of $38,577. Such open balance negatively impacted Plaintiff's debt-to-income ratio.  Her credit score was significantly reduced because of the erroneous debt.

19.    On January 7, 2026, Plaintiff filed a Federal Trade Commission Identity Theft Report Number 195592869 (hereinafter "FTC Report") in which she explained

that she is a victim of identity theft and that she did not open or authorize anyone to open an auto loan with Nissan.

20. That same day, on January 7, 2026, Plaintiff filed a Consumer Federal Protection Bureau Complaint Number 260107-27536289 (hereinafter "CFPB Complaint") against Nissan specifically, in which she explained that she is a victim of identity theft and that she did not open or authorize anyone to open an auto loan with Nissan.

21. On January 22, 2026, as a result of the continuous fraudulent account being reported, Plaintiff mailed a detailed dispute letter to Equifax. In the letter, Plaintiff explained that she did not purchase a new vehicle nor open the Nissan Account. Plaintiff further stated that she does not know the individual, Lasaundra Tinae Davis whom is associated with the fraudulent Nissan Account. She requested Equifax to conduct an investigation and for the disputed account to be removed. To confirm Plaintiff's identity, in the letter she attached images of her driver's license, and Social Security card. Plaintiff also included supportive documentation such as a copy of her filed FTC Report.

22. Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 2629 2540 21).

23. As Plaintiff was unable to confirm that Equifax received her letter, Plaintiff again mailed her dispute letter on February 2, 2026, via USPS Certified Mail to Equifax (9589 0710 5270 2629 2536 11).

24. Despite delivery confirmation of February 7, 2026, Plaintiff did not receive a copy of her Equifax credit report, nor did she receive communications from Equifax as of the outcome of their investigation.

25. Upon information and belief, Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information they received from the furnisher. Equifax never attempted to contact Plaintiff during an alleged investigation. Equifax's policy and procedures allow for any mistake by the furnishers to go unchecked and simply verify whatever information a furnisher provides.

26. Had Equifax conducted a reasonable investigation, the outcome would have been different.

27. On March 10, 2026, Plaintiff Obtained a copy of her Equifax credit report. Upon review, Plaintiff observed the Nissan Account continued to be reported with an open balance of $37,034. Such open balance negatively impacted Plaintiff's debt-to-income ratio.

28.     On March 16, 2026, Plaintiff mailed another detailed dispute letter to Equifax and explained again that she did not purchase a new vehicle nor open the Nissan Account. Plaintiff further stated that she does not know the individual, Lasaundra Tinae Davis who is also associated with the fraudulent account. Plaintiff requested Equifax to conduct an investigation and for Equifax to remove the Nissan Account. To confirm her identity, Plaintiff attached images of her driver's license, and Social Security card. Plaintiff also included supportive documentation such as a copy of her filed FTC Report.

29.     Plaintiff mailed her detailed dispute letter via USPS certified mail to Equifax (9407 1111 0549 5815 3482 60).

30.     As of the filing of this Complaint, Plaintiff has not received the outcome of her latest dispute.

31.     Despite Plaintiff's best efforts to have all of the Nissan Account removed from her credit file, Equifax continues to inaccurately report several negative erroneous accounts. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

32.     Equifax has not conducted a reasonable investigation despite Plaintiff's many pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

7

33.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.     Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.     Severe mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant's reluctance to fix the errors;

iii.     Reduction in credit score as the Defendant failed to properly investigate the disputed information;

iv.     Delay in applying for lines of credit due to fear of denials from Plaintiff's lowered credit score;

v.     Defamation and Plaintiff's information has been published to third parties including but not limited to FICO to calculate Plaintiff's credit score.

vi.     Defendant's have also published erroneous information to the FTC and/or CFPB by failing to resolve their mistakes on Plaintiff's credit reports.

8

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

34.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

35.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

36.    Equifax allowed for Nissan to report inaccurate and erroneous account to Plaintiff's credit file.

37.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

38.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations. An example of such conduct is allowing the disputed accounts to continue to report without investigating the validity of the tradelines.

39.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence, such as an FTC Report.

40.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

41.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

42.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Alicia Burney, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

43.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

44.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

45.    Equifax allowed for a furnisher, such as Nissan, to report inaccurate and erroneous accounts to Plaintiff's credit file.

46.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

47.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

48.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

49.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

50.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

51.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alicia Burney, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

52.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

12

53.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete the fraudulent account from Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

54.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

55.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

56.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional

distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

57.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

58.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Alicia Burney, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

59.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

60.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete the fraudulent accounts in Plaintiff's credit file after receiving

14

notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

61.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

62.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

63.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

65.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Alicia Burney, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Alicia Burney, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against

Defendants, Equifax Information Services LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 19th day of March, 2026.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
Virginia Bar #: 101194
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*